United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NADAV HAYUN,<br>Plaintiff,<br>v.<br>SIEMENS INDUSTRY SOFTWARE INC., et al.,<br>Defendants. | Case No. 5:26-cv-05512-EJD<br>**ORDER GRANTING MOTION TO REMAND**<br>Re: Dkt. No. 11 |

Plaintiff Nadav Hayun ("Plaintiff") brings several California state law claims against his former employer Siemens Industry Software Inc. ("Siemens") and former supervisor Vidya Neerkundar ("Neerkundar") (collectively, "Defendants") arising out of Plaintiff's termination. Compl., ECF No. 1-1, at 12–31.

Before the Court is Plaintiff's motion to remand. Mot., ECF No. 11; Opp'n, ECF No. 13.[1] After carefully reviewing the relevant documents, the Court finds this matter suitable for decision without oral argument pursuant to Local Rule 7-1(b). For the reasons stated below, the Court **GRANTS** Plaintiff's motion to remand.

## I. BACKGROUND

Plaintiff alleges claims under the California Fair Employment and Housing Act ("FEHA") and related state laws for national-origin discrimination, harassment, retaliation, and wrongful termination. *See* Compl. Plaintiff initiated this action in the Santa Clara County Superior Court on March 10, 2026. *Id.* Siemens then removed the action here on June 8, 2026, based on diversity

[1] No reply has been filed.

United States District Court
Northern District of California

jurisdiction. Notice of Removal, ECF No. 1.

Plaintiff is a citizen of California, Siemens is a citizen of Delaware and Texas, and Neerkundar is a citizen of California. *Id.* Recognizing that Neerkundar and Plaintiff are both citizens of California and are therefore not diverse parties, Siemens argued in the Notice of Removal that the Court should disregard Neerkundar's citizenship under the doctrine of fraudulent joinder. *Id.* Plaintiff now moves to remand the action back to state court, arguing Neerkundar is a legitimate party.

## II. LEGAL STANDARD

If a federal court has subject matter jurisdiction over a civil case filed in state court, the suit may be removed to federal court by the defendant. 28 U.S.C. § 1441(a). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000). Diversity jurisdiction exists when the suit is between "citizens of different States" and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."[2] 28 U.S.C. § 1332. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The removal statute "is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Limon-Gonzalez v. Kia Motors Am., Inc.*, No. CV 20-4381 PA (JPRX), 2020 WL 3790838, at *1 (C.D. Cal. July 7, 2020) (internal quotation marks omitted) (quoting *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004), *opinion amended on denial of reh'g*, 387 F.3d 966 (9th Cir. 2004)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first

[2] The amount in controversy is not at issue here.

instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

For removals based on diversity jurisdiction, the defendant must prove by a preponderance of the evidence that there is complete diversity among the parties. *See Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018). However, "one exception to the requirement for complete diversity is where a non-diverse defendant has been fraudulently joined." *Hunter*, 582 F.3d at 1043 (internal quotations omitted).

Fraudulently joined defendants who destroy diversity of citizenship do not defeat removal. *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). "There is a general presumption against fraudulent joinder and the defendant's burden of demonstrating that a joinder is fraudulent is a heavy one." *Beutel v. Wells Fargo Bank N.A.*, No. 18-CV-03686-LHK, 2018 WL 3084660, at *2 (N.D. Cal. June 22, 2018) (quoting *Hunter*, 582 F.3d at 1046) (internal quotations omitted). Federal courts must find the joinder proper and remand the case to the state court "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants." *McAdams v. Ford Motor Co.*, No. 18-CV-07485-LHK, 2019 WL 2378397, at *4 (N.D. Cal. June 5, 2019) (quoting *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018)); *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'") (quoting *McCabe*, 811 F.2d at 1339).

## III. DISCUSSION

Siemens contends that Plaintiff's claims against Neerkundar could not possibly survive in state court, and therefore, the fraudulent joinder doctrine applies. The Court disagrees.

One claim Plaintiff brings against Neerkundar is for a hostile work environment.[3] To

[3] "[T]he law requires only a possible viable claim" to defeat fraudulent joinder. *Brown v. Beazley USA Servs., Inc.*, No. 24-CV-09035-SI, 2025 WL 436716, at *5 (N.D. Cal. Feb. 7, 2025). The Court therefore need not examine arguments regarding other claims.

United States District Court
Northern District of California

show a hostile work environment claim under California law, a plaintiff must show that: (1) plaintiff belongs to a protected group; (2) plaintiff was subjected to unwelcome harassment because of that protected status; and (3) the harassment was sufficiently severe or pervasive to create an abusive working environment. *Thompson v. City of Monrovia*, 186 Cal. App. 4th 860, 876 (2010); *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 608 (Ct. App. 1989). The conduct must also be both objectively and subjectively offensive, *Hughes v. Pair*, 46 Cal. 4th 1035, 1044 (2009), and "annoying or 'merely offensive' comments in the workplace are not actionable." *Lyle v. Warner Bros. Television Prods.*, 38 Cal. 4th 264, 283 (2006). Harassment does not include actions that are "of a type necessary for management of the employer's business or performance of the supervisory employee's job." *Janken v. GM Hughes Electronics*, 46 Cal. App. 4th 55, 63 (1996); *see also Thompson*, 186 Cal. App. 4th at 879.

Here, Plaintiff alleges the following facts that are relevant to his claim for hostile work environment. Siemens hired Plaintiff on September 9, 2024, as a Principal Product Manager at its California location. Compl. ¶ 13. Beginning in early 2025, Plaintiff alleges his supervisor before Neerkundar, Jay Jahangiri ("Jahangiri"), began making "disparaging and hostile remarks to Plaintiff concerning Plaintiff's Israeli national origin and associated stereotypes," *id.* ¶ 13, and "attribute[ed] Plaintiff's professional conduct to his Israeli national origin and associated stereotypes," *id.* ¶ 14. Around this time, Jahangiri began removing nearly all of Plaintiff's work duties and direct reports and, eventually, initiated formal disciplinary actions. *Id.* ¶ 17. The disciplinary actions were partially rescinded after Plaintiff made a complaint of discrimination to Jahangiri's supervisor. *Id.* ¶¶ 18, 19. However, "Plaintiff continued to be excluded from meetings, communications, conferences, and work necessary to perform his role." *Id.* ¶ 20. Similar conduct occurred throughout Jahangiri's supervision until he retired in September 2025. *Id.* Following Jahangiri's retirement, Neerkundar became Plaintiff's direct supervisor, and Plaintiff alleges the same behavior continued. Plaintiff alleges that he "complained to [Neerkundar] that he feared further retaliation and 'discipline' for having reported the unlawful retaliation and discrimination by Jahangiri." *Id.* ¶ 24. But rather than address it, Plaintiff alleges

United States District Court
Northern District of California

Neerkundar retaliated against him by placing him on a Performance Improvement Plain ("PIP"), which "required Plaintiff to demonstrate success in areas from which Defendants had already excluded him." *Id.* ¶¶ 24, 25. Plaintiff alleges Neerkundar's actions in conducting the PIP—such as "den[ying] Plaintiff the access, authority, and resources necessary to succeed in the PIP while simultaneously holding him accountable for areas from which he had been excluded"—"were inconsistent with a good-faith effort to improve Plaintiff's performance and instead functioned as a mechanism to justify termination." *Id.* ¶ 28. Defendants subsequently terminated Plaintiff on December 1, 2025, for failing to achieve the goals outlined in the PIP. *Id.* ¶ 29.

The Court finds Siemens failed to show it is obvious that Plaintiff cannot possibly state a claim against Neerkundar for hostile work environment based on these allegations. *See Morris*, 236 F.3d at 1067 ("Joinder of a non-diverse defendant is deemed fraudulent . . . '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'") (quoting *McCabe*, 811 F.2d at 1339).

Siemens first argues that Neerkundar's actions are "commonly necessary personnel management actions," which do not constitute harassment. *Janken*, 46 Cal. App. 4th at 63–65. However, "the mere fact that some of [the defendant's] conduct may have been official employment actions does not preclude [the p]laintiff from relying on that conduct to establish that she was subjected to a hostile work environment." *Duncan v. State Farm Mut. Auto. Ins. Co.*, No. 24-CV-08528-JCS, 2025 WL 588673, at *8 (N.D. Cal. Feb. 24, 2025) (citing *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 705 (2009), *as modified* (Feb. 10, 2010).

Siemens's remaining arguments focus on the fact that it was Jahangiri, not Neerkundar, who is alleged to have made epithets, slurs, mocking national-origin remarks, or other derogatory comments about Israelis. The Court agrees that allegations specific to Neerkundar's conduct are thin and vague, and the complaint likely lacks allegations sufficient to state a claim against Neerkundar under the lens of Rule 12(b)(6). However, "the Court is not persuaded that it is so unsalvageable as to merit a finding of fraudulent joinder." *Phillips v. United Parcel Serv., Inc.*, No. EDCV1902400CJCSPX, 2020 WL 996597, at *3 (C.D. Cal. Feb. 28, 2020). Because the

United States District Court
Northern District of California

standard for fraudulent joinder is higher than the standard for dismissal under Rule 12(b)(6), a claim that may fail under Rule 12(b)(6) does not necessarily establish that a defendant was fraudulently joined. *Grancare*, 889 F.3d at 549; *see also Keith v. Gemini Ins. Co.*, No. 2:26-CV-08136-RGK-AS, 2026 WL 3061813, at *3 (C.D. Cal. Oct. 13, 2026) ("At this juncture, the Court need not determine whether Plaintiffs adequately pled all requisite elements of a claim for promissory fraud. Rather, the pertinent determination is whether Defendants have established that there is no possibility of stating such a claim against McKenzie."). "[T]he Ninth Circuit has held that a district court, in determining whether there is 'no possibility' that a state court would find that the complaint states a cause of action against the non-diverse defendant, 'must consider . . . whether a deficiency in the complaint can possibly be cured by granting the plaintiff leave to amend.'" *LKimmy, Inc. v. Bank of Am.*, No. 220CV02184RFBVCF, 2022 WL 798369, at *6 (D. Nev. Mar. 16, 2022) (quoting *Grancare*, 889 F.3d at 549–50). Here, if Neerkundar indeed retaliated against Plaintiff for reporting his former supervisor's national-origin discrimination by placing him on a PIP that was impossible to achieve, and then terminated Plaintiff for failing to achieve the PIP, Plaintiff could conceivably have a claim. The deficiencies in the present complaint would need to be cured by the addition of facts specifying Neerkundar's role in the continued harassment Plaintiff alleges; but the Court is not convinced that such an amendment is futile.

The Court therefore finds no evidence of fraudulent joinder. Accordingly, given Siemens's failure to establish complete diversity, the Court finds it lacks jurisdiction over this action.

## IV. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's motion to remand. The Clerk of Court shall close this case.

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: November 9, 2026

EDWARD J. DAVILA
United States District Judge